# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__PAMELA TRIBBY__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 15-30342

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

7/22/2015
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Pamela Tribby Order of Detention

Defendant is charged in a criminal complaint with Identity Theft and Unauthorized Acquisition of more than $100 in food stamp benefits. She is 53 years old, married but separated, with two adult daughters, one of whom lives in this district while the older other daughter lives in Salt Lake City, Utah. She has an 18 month old granddaughter for whom she had temporary custody during the time that her younger daughter was incarcerated with the MDOC. This Defendant was most recently incarcerated in the MDOC from 2010 -2012. Defendant was paroled on 3/6/2012 and discharged on 9/6/2013. Defendant tested positive for cocaine at the time of her initial appearance.

Defendant's criminal history begins at age 33 in 1996 when she pled guilty of Felony Theft, failed to appear for sentencing and was arrested on a failure to appear warrant. On 4/3/2002 Defendant again pled guilty to Felony Theft and was sentenced to probation. She was charged with Bail Jumping, Issuing Bad Check Violation of Release Conditions which were dismissed when she entered her guilty plea. In April 2002 she was charged in two separate cases with Felony Issuing Bad Check and 2 Counts of False Pretenses. From 2007 through the present time Defendant has been charged and found guilty in 3 Felony Identity Theft cases and 6 cases of Felony Uttering and Publishing. She has multiple other cases for fraud, false documents, and false statements. In July 2010 Defendant pled guilty to Maintaining a Drug House and Possession of Marijuana. She was sentenced to 2 years 2 months in the MDOC. Also in 2010 Defendant was charged with Uttering and Publishing while she was on probation in another case which did not stop her from using an alias at the time of her arrest. In fact, Defendant is known to have used several alias names. At the time of her 10/14/2010 conviction on 2 counts of Identity Theft Defendant was also on probation.

Pretrial Services has interviewed Defendant and concludes that she poses a risk of nonappearance and a risk of flight and recommends Detention.

This Court finds that there is clear and convincing evidence that Defendant poses a danger to the community, based upon her prior arrest and conviction record, her substance abuse history, her continuing pattern of criminal activity while under supervision, and her unabated pattern of similar criminal activity over the years. This Court also finds that a preponderance of the evidence establishes that Defendant is a risk of flight, due to the nature of the offense charged, her lack of community ties, her lack of employment, her substance abuse history, her criminal record which includes failing to appear and outstanding warrants, criminal activity while under supervision, her use of alias names, and her unabated, continuing criminal conduct over more than 20 years.

Defendant is a social predator and has proven to be undeterred regardless of the number of convictions, prison sentences, and periods of court supervision. There is no condition or combination of conditions which would assure her appearance in court or the safety of the community. Detention is Ordered.